AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Electronic data extracted from Samsung Galaxy S5
(FCC ID: A3LSMG900V) telephone currently maintained
at the Prattville Police Department, Prattville, Alabama.

Case No. 2:18mj175-SRW

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ Middle _____ District of _____ Alabama _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC, Sections 844 and 841 | Possession of Controlled Substance and Possessing with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Antonio L. Goins, TFO, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 7/27/2018 _____

*Judge's signature*

City and state: Montgomery, AL

Susan R. Walker, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN THE MATTER OF THE SEARCH OF
ELECTRONIC DATA EXTRACTED FROM
Samsung Galaxy S5 (FCC ID:
A3LSMG900V) TELEPHONE
CURRENTLY MAINTAINED AT THE
PRATTVILLE POLICE DEPARTMENT,
PRATTVILLE, ALABAMA.

Case No. 2:18mj175-SRW

### AFFIDAVIT IN SUPPORT OF AN
### APPLICATION UNDER RULE 41 FOR A
### WARRANT TO SEARCH AND SEIZE

I, Antonio Goins, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules

of Criminal Procedure for a search warrant authorizing the examination of electronic data extracted

from an electronic device, which previously was in law enforcement possession, in order to obtain

the data described in Attachment B.

2.      I, Antonio Goins, being duly sworn, depose and state that I am a Task Force Officer

with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department

of Justice, and have been so since March 25, 2016.  I am currently assigned to the Montgomery,

Alabama Field Office.  I have a Bachelor of Science degree in Criminal Justice from Troy

University and a Master's in Public Safety from Auburn University at Montgomery.  I am a

graduate of the Montgomery Police Department Alabama Advance Criminal Justice Academy.  I

have been working in law enforcement for approximately six years, and in the performance of my

duties I have conducted investigations of violations of state and federal laws, including drug

trafficking, firearm crimes, white collar crimes and other violent as well as nonviolent crimes.  I am familiar with federal criminal laws relating to firearms and illegal controlled substances.

3.       This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE ELECTRONIC DATA TO BE EXAMINED

4.       The property to be searched is the electronic data extracted from a Samsung Galaxy S5 (FCC ID: A3LSMG900V) hereinafter the "Device."  The Device was lawfully in the possession of the Prattville Police Department, (PPD) Prattville, Alabama when a forensic examination of the Device was conducted pursuant to a State of Alabama Search Warrant.

5.       The applied-for warrant would authorize the examination of the whole of the electronic data previously obtained by the Prattville Police Department for the purpose of specifically identifying and obtaining the electronically stored data described in Attachment B.

6.       The information contained in this affidavit is based upon my own training and experience, my own knowledge, and information provided to me by other law enforcement officers and cooperating witnesses.

7.       The crimes under investigation are Possession of Controlled Substance under Title 21, United States Code, Section 844, and Distributing, Dispensing, and Possessing with Intent to Distribute a Controlled Substance under Title 21, United States Code, Section 841.

## PROBABLE CAUSE

8.       On March 20, 2018, Prattville Police Officers (PPD) were dispatched to a suspicious vehicle at First Franklin on South Memorial Drive Prattville, Alabama. The Dispatcher informed the officers that the caller believed two occupants were doing drugs and appeared to be

2

under the influence of drugs. The caller also advised the vehicle was a silver Neon with Alabama license plate number 3AK8046 that the vehicle had left First Franklin and was at Herrod Chevron.

9.	The officers responded to Herrod Chevron and observed the silver Neon at the gas pumps. Officers observed a male that just finished pumping gas and was walking into the store. Lieutenant Boles made contact with the male that entered the store.

10.	Officer Lee made contact with the passenger of the vehicle from the driver's side window of the vehicle. The passenger was a male who was slumped over and incoherent. Officer Lee observed a pill bottle with the label ripped off in the right hand of the passenger. Officer Lee started talking to the passenger and he woke up. Officer Lee asked him if he was "blazed up" and he said not really. Officer Lee asked what he had in the pill bottle and he shoved it in his right pocket. Officer Lee went around to the passenger side of the vehicle and directed the passenger from the vehicle to pat him down and retrieve the pill bottle. Officer Lee recovered the pill bottle in question from his right front pants pocket, which contained various controlled pills. Officer Lee also recovered a pill bottle that contained a white powdery substance, believed to be cocaine. In addition, Officer Lee recovered lose money and a bundle of money in his left pocket. The passenger was identified as Delvin, POWELL. The subject that entered the store was identified as Jeremy GANNT. Lt. Boles patted GANTT down and recovered a firearm from his waistline. An Officer recovered loose money from GANTT's pocket. Officer Lee asked the driver GANTT, if anything illegal was in the vehicle, and asked for permission to search the vehicle. GANTT advised there was nothing illegal in the vehicle and that Officer Lee could not search. Based off established probable cause a search of the vehicle was conducted.

11.	During the search of the vehicle, Officer Lee located a black backpack in the trunk behind the passenger rear seat. In the backpack, Officer Lee located the following: a plastic bag

3

containing marijuana, a green cloth bag containing a small twist of suspected cocaine and plastic baggies, a glass jar with marijuana residue, digital scales, and a revolver. In the center console Officer Lee located a pill bottle with the label removed containing controlled pills and a bottle of controlled cough syrup. Investigator Gainey and Sergeant Malloy with PPD counted the U.S. Currency that was recovered from GANTT amounting to 1,665.00 dollars. In addition, Investigator Gainey and Sergeant Malloy counted the U.S Currency that was recovered from POWELL amounting to 7,836.00 dollars.

12.     Upon transporting POWELL to the Metro Jail, the correction officer conducted a search and recovered a Taurus TCP, 380 caliber serial number 8632D in POWELL's back pocket. A search through NCIC revealed the pistol was stolen from Montgomery, Alabama.

13.     On or about March 26, 2018, PPD obtained a search warrant from Autauga County District Court Judge Joy Booth to search and seize evidence of a crime. *See* Attachment C.  PPD searched the Device pursuant to the search warrant.  On or about July 3, 2018, TFO Goins was advised by PPD that the search of the Samsung Galaxy S5 (FCC ID: A3LSMG900V) resulted in the acquisition of data that included a video in which an unknown quantity and type of narcotics in pill form and U.S. currency was displayed. In addition to the video, the PPD search warrant located text messages from the Device to other cellular telephones in which POWELL was informing the subjects that he had cocaine available.

14.     GANTT has a prior felony conviction for Possession of Marijuana 1st Degree Montgomery County, Alabama dated October 3, 2016, Case Number CC-14-889.00.

15.     POWELL has a prior felony conviction for Possession of Marijuana 1st Degree Montgomery County, Alabama dated September 28, 2007.

4

16.     Based on my training and experience, I am aware that cellular phones are commonly used as a tool to help facilitate drug transactions, and evidence of the same is often captured on the device through its various functions, which are listed below.

17.     Based on my experience, I am aware that individuals who participate in the trafficking of illegal narcotics use cellular telephones to document their possession of illegal narcotics and the proceeds from the sale of illegal narcotics.

18.     I know that the electronic data extracted from the Device by PPD on March 27, 2018, was stored on the PPD server in a manner in which its contents are, to the extent material to this investigation, in substantially the same state, as they were when they were extracted from the Device while in the possession of PPD.

## TECHNICAL TERMS

19.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.     Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.     Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images.

5

Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.      Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.      GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.      PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

6

f.      Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

20.     Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the Device, and how the Device was used.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

22.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be included in the data previously extracted from the Device because: On July 3, 2018, TFO Goins spoke with the PPD case agent who reviewed the electronic data extracted for the device and advised TFO Goins that present in the data were drug conversations.

23.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of electronic data obtained from the device consistent with the warrant.

7

24.    *Manner of execution.*   Because this warrant seeks only permission to examine electronic data obtained from a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the electronic data obtained from the Device, as described in Attachment A, to seek the items described in Attachment B.

Respectfully submitted,

Antonio Lamar Goins
Task Force Officer, ATF

Subscribed and sworn to before me
on July 27, 2018.

SUSAN R. WALKER
UNITED STATES MAGISTRATE JUDGE

8

**ATTACHMENT A**

The property to be searched is the electronic data extracted from a Samsung Galaxy S5 (FCC ID: A3LSMG900V), hereinafter the "Device."  The Device was in law enforcement possession and processed during a forensic examination obtaining electronically stored data while located at the Prattville Police Department, located at 201 Gin Shop Hill Road, Prattville, Alabama 36067.

This warrant authorizes the examination of the electronic data extracted from the Device.

## **ATTACHMENT B**

All records and data described in Attachment A that relate to violations of 21 U.S.C. § 841 and 21 U.S.C. § 844 as described in the affidavit, and the identities of those involved in such violations, including:

a.  Evidence of user attribution showing who used or owned the Device during the planning or commission of any such violations;

b.  Any data or information related to the identity of the person(s) who communicated with the user of the Device about matters relating to the commission of the above-referenced crimes;

c.  Any data or information, including GPS data, GPS data establishing the user's connection to the commission of the above-referenced crimes;

d.  Photographs evidencing the planning of, or individuals involved in, the commission of the above-referenced crimes;

e.  Web searches related to the commission of the above-referenced crimes; and

f.  The assigned number of the cellular phone, text messages, deleted text messages, recently dialed or received numbers, voice mail messages, telephone numbers, GPS information, e-mail messages (to include deleted emails), address book information (including deleted addresses/phone numbers), videos and photographs related to the above-referenced crimes.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# ATTACHMENT C

ATTACHMENT C

# AFFIDAVIT FOR SEARCH WARRANT

## STATE OF ALABAMA

## COUNTY OF AUTAUGA

### CITY OF PRATTVILLE

Before the undersigned personally appeared Investigator A.N. Gainey of the Prattville Police Department who requested a SEARCH WARRANT and in support thereof made the oath as follows:

"My name is Investigator A.N. Gainey I am a Prattville Police Officer and have been so for three years. I am currently assigned to the Drug Enforcement Unit of the Prattville Police Departments Investigative Division. I attended the twelve week basic Law Enforcement Academy at the Montgomery Police Academy. Prior to being assigned to the Drug Enforcement Unit I have been involved in several cases involving narcotics. During my time on patrol I was a FTO for a year and I spent 6 months as a Corporal prior to being assigned to the Drug Enforcement Unit. I have attended classes and training events in the detection and enforcement of narcotics to wit: Basic Narcotics Identification at the Montgomery Police Academy and Rolling Stoned (DUI) at AUM in Montgomery, AL.

1.      The PROPERTY to be searched is in the State of Alabama, City of Prattville, and is described as follows:  Space Gray Samsung Galaxy S5 (FCC ID: A3LSMG900V).  This search of the above named PROPERTY will include any digital data to be found on the device.

2.      The PROPERTY to be searched for and seized, if found, is specifically described as:  records, documents, e-mail letters, electronic transmissions, user names, text and multimedia messages, pictures in all formats, video clips both scanned in and imported, call logs, phone books, application data, and contact lists or any other data obtained through or otherwise used in the commission of any other criminal activity from any county within the State of Alabama, which is all evidence indicating that Delvin Powell committed the offenses of Trafficking, Unlawful Possession of Controlled Substance.

3.      The GROUNDS for search are that the said property:

a.      (  )    Was, or is expected to be, unlawfully obtained;

b.      (X)    Was, or is expected to be, used as the means of committing or attempting to commit any offense under the laws of the State of Alabama or any political subdivision thereof;

c.      (X)    Is, or is expected to be, in the possession of any persons with intent to use it as a means of committing a criminal offense, or is, or is expected to be, in the possession of another to whom that person may have delivered it for the purpose of concealing it or preventing its discovery; or

d.      (X)    Constitutes, or is expected to constitute, evidence of a criminal offense under the laws of the State of Alabama or any political subdivision thereof.

4. On March 20, 2018, I was dispatched to a call of a suspicious vehicle, reference case # 180320049, at First Franklin on South Memorial Dr. The caller advised they thought the two occupants were doing drugs and appeared high. The caller advised the vehicle was a silver Neon, Alabama tag #3AK8046. The caller advised the vehicle left First Franklin and was at Herrod's Chevron. I arrived at Herrod's Chevron and observed the silver Neon at the gas pumps. I observed a B/M that just finished pumping gas and was walking into the store. At this point Lt. Boles arrived and went to make contact with the B/M that entered the store. I made contact with the passenger of the vehicle from the driver's side window of the vehicle. The passenger was a B/M who was slumped over and incoherent. I observed a pill bottle with the label ripped off in the right hand of the B/M. I starting talking to the B/M and he woke up. I asked him if he was "blazed up" and he said not really. I asked what he had in the pill bottle and he shoved it in his right pocket. At this point the B/M that had entered the store exited and Lt. Boles was speaking with him. I went around to the passenger side of the vehicle and directed the passenger from the vehicle to pat him down and retrieve the pill bottle. In my training and experience it is common for subjects to have illegal prescription pills not prescribed to them, when the labels are ripped off of the pill bottle. Upon patting the passenger down I recovered the pill bottle in question from his right front pants pocket which contained various controlled pills. I also recovered a pill bottle that contained a white powdery substance, believed to be cocaine. I also recovered loose money and a bundle of money. In his left pocket I recovered another bundle of money. The passenger was identified as, Delvin POWELL. The B/M that entered the store was identified as Jeremy GANTT. Lt Boles patted GANTT down a recovered a handgun from his waist line. Although I had probable cause to search the vehicle, I asked the driver GANTT, if anything illegal was in the vehicle and asked for permission to search the vehicle. I wanted to see the reaction of GANTT when asked to search. GANTT advised there was nothing illegal in the vehicle and that I could not search. Based off of established probable cause a search of the vehicle was conducted. I located a black back pack in the trunk behind the passenger rear seat. In the back pack I located a plastic bag containing marijuana, a green cloth bag that contained a small twist of suspected cocaine and plastic baggies, a glass jar with marijuana residue, digital scales, and a revolver. In the center console I located a pill bottle with the label removed containing controlled pills, and a bottle of controlled cough syrup. Narcotics Investigators where contacted and responded to the scene. All evidence was collected by Narcotics Investigators on the scene. Narcotics Investigators will get a count of the money collected from POWELL and add that amount to a supplement report. POWELL and GANTT were transported to HQ where felony warrants were obtained. Both subjects were transported to the Metro Jail without incident or injury. POWELL was charged with two counts of Unlawful Possession of a Controlled Substance under case 180320054. GANTT was charged with POM 2nd, PODP, Weapons Offense, and 3 counts of Unlawful Possession of a Controlled Substance under case 180320053.

Upon transporting POWELL to the Metro Jail, turned POWELL over to jail staff, I advised them that both subjects needed to be searched prior to being placed in lock down because they had drug charges and POWELL had multiple layers of clothing. The jailer conducted another search and a .380 pistol was found in POWELLS back pocket. A search through NCIC revealed the pistol was stolen from Montgomery, Alabama. The weapon will be turned over to narcotics to be charged along with the drug offenses, receiving stolen property, and promoting prison contraband.

On 3/20/2018 I, Inv. Gainey along with Sgt. Malloy and Inv. Hick and Hamm responded and collected all evidence to include; controlled substances, firearms, money and 2 cell phones. The evidence was processed and stored the in Drug Enforcement Drug Vault.

5.     The above information is based upon the personal knowledge of your affiant, and is made for the purpose of securing a DAYTIME SEARCH WARRANT for the PROPERTY of Delvin Powell, which was seized by Investigators and is now located at 201 Ginshop Hill Road Prattville, Alabama 36067 (Prattville Police Department).   This search of the above named property will include: records, documents, e-mail letters, electronic transmissions, user names, text and multimedia messages, pictures in all formats, video clips both scanned in and imported, call logs, phone books, application data, and contact lists or any other data obtained through or otherwise used in the commission of any other criminal activity from any county within the State of Alabama, which is all evidence indicating that Delvin Powell committed the offenses Unlawful Possession of Controlled Substance (x2), Receiving Stolen Property 4th, and Promoting Prison Contraband 1st. One Unlawful Possession of Controlled Substance will be upgraded to trafficking.

Investigator A. N. Gainey
Prattville Police Department

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 26 DAY OF March, 2018.

JOY BOOTH
MUNICIPAL JUDGE
District

FILED

APR   2 2018

DEBRA HILL
CIRCUIT CLERK